FILED
SUPERIOR COURT
OF GUAM

2020 AUG 28 AM 10: 46

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
                                )
               Plaintiff, )
      vs. )
                                  )
                                  )
JAY JULIAN PHILLIP, )
                                  )
               Defendant. )

CRIMINAL CASE NO.: CM0622-11

**DECISION AND ORDER RE: DEFENDANT'S MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Jay Julian Phillip's ("Defendant") Motion to Compel Discovery ("Motion") filed on February 6, 2020. The People of Guam ("People") are represented by Assistant Attorney General Alysa Draper-Dehart. Defendant is represented by Assistant Public Defender Zachary C. Taimanglo. The People filed an Opposition to the Motion on February 13, 2020. Defendant did not file a Reply. This Court took the matter under advisement without oral argument, following the cancellation of the previously scheduled oral argument due to the COVID-19 pandemic.[1] Having considered the arguments set forth in the pleadings and the applicable law, the Court now issues the following

---

[1] Pursuant to Administrative Order of the Guam Supreme Court ADM20-210 (Mar. 13, 2020), the Judicial Center in Hagatna was closed to the public on an emergency basis, necessitating the cancellation of the oral argument scheduled to commence at 2:30 p.m. on March 16, 2020.

Decision and Order **GRANTING** Defendant's Motion **SUBJECT TO** the *in camera* review by the court as set forth with more particularity herein.[2]

## BACKGROUND

On March 27, 2011, Guam Police Department Officers F.M. Santos, B.T. Benavente, and J.I. Aguon (collectively "Officers") responded to a report of a traffic incident with injuries. People's Decl. (May 19, 2011). Upon arriving at the scene of the accident, the Officers saw that the vehicle driven by Defendant had struck a concrete power pole. *Id.* The Officers proceeded to interview Defendant regarding the accident and observed signs of intoxication, such as bloodshot and watery eyes as well as a strong odor of an alcoholic beverage emitting from his breath. *Id.* The Defendant confirmed that he had been drinking alcohol. *Id.*

The Officers instructed Defendant to submit to a Field Sobriety Test, which he refused. *Id.* Guam Police Department Officer J.I. Aguon ("Officer Aguon") then attempted to place Defendant under arrest. When Officer Aguon reached for Defendant's left wrist, he pulled it away. In response, Officer Aguon grabbed Defendant's left wrist and right shoulder and forced him onto the ground. *Id.* Defendant immediately pushed his body upwards in an attempt to get back up. *Id.* Officer Aguon instructed Defendant to stop resisting while simultaneously attempting to secure Defendant with his handcuffs. *Id.* Defendant's continued resistance prompted Aguon to strike Defendant twice in the head in order to gain his compliance. *Id.* On May 19, 2011, Defendant was charged with Resisting Arrest (As a Misdemeanor) and Reckless Driving (As a Petty Misdemeanor). Compl. (May 19, 2011).

---

[2] In light of the statutory limitation of 5 G.C.A. §10108(c) protecting the personnel records from public disclosure, the court finds that the Defendant is only entitled to an *in camera* review of the requested records by this court and a subsequent determination of relevance. *See, People vs. Mateo*, 2017 Guam 22, ¶18. The court finds this limitation to apply with equal force to Internal Affairs Investigation reports.

The instant motion seeks an order of this court compelling the production of "'any and all discipline records, complaints, documents, Internal Affairs records and the like for officer Aguon identified on page 11 in discovery.'" *Def. Mot. to Compel Discovery* at p. 2. Defendant claims that the government's responsive pleading as well as discovery thus far produced "reveal an apparent pattern of behavior on the part of Officer J.I. Aguon that would exculpate Mr. Phillip of the most serious allegation in charged herein. [sic]. This pattern is established in pleadings and proceedings in CF-654-19 and CF0355-14." *Id.* at p. 3. Defendant identifies specific complaints of excessive force that have been filed against Officer Aguon. Additionally, the Defendant contends that Officer Aguon "testified in the past, he had been subject of at least one excessive force complaint, which according to his testimony, was investigated and found to be unsubstantiated." *Mot.* at 2.

The People oppose the motion, arguing that any such records are irrelevant "because the instant case occurred in 2011, almost a full nine years ago [while] the cited incidents involving Officer Aguon allegedly occurred six years ago and last year, nowhere close in time to when this incident occurred." *People's Response to Def.'s Mot. To Compel Discovery* at p. 3. The People claim further that they neither (1) internal affairs investigations of Officer Aguon,[3] nor (2) records of CF00654-19 or CF0355-14, which Defendant claims contain allegations of excessive force which were, or currently are, under investigation, are within their control or possession. *Id.*

//

//

//

---

[3] The People claim that the Office of the Attorney General of Guam "does not have access to or control of" Guam Police Department internal affairs reports and that GPD records are records that must be subpoenaed. *Response* at p. 2.

## DISCUSSION

The Defendant asserts that discovery material already provided to him indicates that Officer Aguon was previously investigated (and may be subject to an ongoing investigation) for using excessive force while apprehending suspects; therefore, he is entitled, under *Brady vs. Maryland,* 373 U.S. 83 (1963), and its progeny and pursuant to Guam law, to an order of this court mandating the prosecution to disclose or permit the inspection of "any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor." 8 GCA § 70.10(a)(7). Defendant seeks any and all discipline records, complaints, documents, Internal Affairs records and the like. *Id.*

The People argue Defendant has not sufficiently established the materiality of the personnel files to the instant matter. The People claim Defendant's request is irrelevant because the incidents of Officer Aguon's alleged use of excessive force occurred in 2014 and 2019, while the instant matter occurred in 2011. Thus, the People contend that Officer Aguon's personnel files will have no bearing in this matter and will not aid Defendant in the preparation of his defense.

## I. DEFENDANT'S RIGHT TO DISCOVERY OF *MATERIAL* INFORMATION.

Generally, there is no constitutional right to discovery in a criminal case. *Weatherford v. Burnsey,* 429 U.S. 545, 559 (1977). "[T]he right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." *People v. Orallo,* 2004 Guam 5 ¶ 9 (quotation marks and citations omitted).

Section 70.10, Title 8 of the Guam Code Annotated regulates the discovery process in criminal proceedings and provides, in relevant part:

(a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:

\*\*\*

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

8 GCA § 70.10(a)(7).

In addition to the enumerated discoverable items listed in 8 GCA § 70.10, "upon noticed motion by the defendant and a showing of materiality to the preparation of his defense and that the request is reasonable, the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10." 8 GCA § 70.15(a). In short, before the court compels the prosecution to disclose such information, the Defendant must establish, as a threshold matter, that such material or information would tend to negate the guilt of the defendant as to the offense charged or tend to reduce his punishment therefor, or show the "materiality" of such information. *People v. Mateo*, 2017 Guam 22 ¶ 15. "Although this standard is not difficult to meet, this general limitation must be considered prior to disclosure." *People v. Tuncap*, 1998 Guam 13 ¶ 18.[4]

At issue is the discoverability of Aguon's "discipline records, complaints, documents, Internal Affairs records, and the like." This court's review of Defendant's request is limited to two categories: (1) Internal Affairs records and (2) personnel records, into which "discipline

---

[4] *See also, People v. Fisher*, 2001 Guam 2 ¶ 13 ("Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is probability sufficient to undermine the confidence in the outcome.")(quoting *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)).

records, complaints, documents… and the like" shall fall. Applying the *materiality* requirement set forth in *Mateo* and *Tuncap, supra*, the court now considers whether Defendant is entitled to each category of records.

### A. Internal Affairs Records Relating to Complaints Involving Officer Aguon are Material.

Reports of police officer violations or misconduct on the part of a police officer are processed as set forth in 10 G.C.A. §77133. Any such complaint shall be forwarded within forty-eight (48) hours to the Chief of Police, who shall forward the alleged violation to the Internal Affairs (IA) unit of the Guam Police Department and to the Guam Community Police Review Commission "and *shall* further forward a copy of the alleged violations to the Attorney General." 10 G.C.A. §77133(a)(emphasis added). Section 77133 contains additional mandatory procedures, including compelling the Chief of Police to forward a report summarizing the allegations and any final disposition to the Office of the Attorney General (OAG). 10 GCA §77133(c). The OAG *shall* review all records and *may* initiate an independent investigation of the alleged violation. It is reasonable, therefore, that the OAG is presumed to have control over and access to such complaints involving Officer Aguon.

Although Defendant does not allege specifically that such IA complaints exist, he points to recorded testimony of Officer Aguon in Criminal Case No. CF0355-14, whereby he "testified that in the past, he had been subject of at least one excessive force complaint which, according to his testimony, was investigated and found to be unsustained.[sic]" *Def.'s Mot.* at 2. Additionally, the People admit matter-of-factly that the incidents which are the subject of such excessive force complaints against Officer Aguon occurred in 2014 and 2019, but proffer that the lapse in time renders such complaints irrelevant. Thus, this is not the situation where a Defendant asserts a

blanket discovery request for internal affairs investigations or complaints without any reasonable basis for such request.

Instead, the court finds that any allegations of excessive force which are the subject of an IA complaint are material to the defense in this case, where the Defendant is charged with Resisting Arrest (as a Misdemeanor). Moreover, any lapse in time between the charges in this case (2011) and Officer Aguon divulging, during a trial in 2014, that he had been the subject of "at least one excessive force complaint" is not sufficient to deny the production of such complaints which are material to the preparation of the defense and which request is reasonable in light of the charges against Defendant. *See,* 8 GCA § 70.15(a). *See also, Tuncap* at ¶ 16 ("In situations where discovery is not covered under Section 70.10, the defendant may obtain other discovery upon a showing of materiality to the preparation of his defense; and 2) the request is reasonable.").

The Court's analysis of Defendant's request is focused on the threshold concept of materiality. Defendant has the burden to show, beyond mere speculation, that the documents will contain material, relevant evidence. *See People v. Mateo*, 2017 Guam ¶ 17-20. Defendant's request is based upon the assertion that the personnel files of Officer Aguon may contain relevant, exculpatory material. Specifically, Defendant offers in support of his motion the following: (1) that Officer Aguon was the subject of a complaint involving excessive force in CF0355-14, and (2) a Declaration contained in CF0564-19 stating that Office Aguon conducted an open palm strike to the abdomen of the arrestee in order to gain compliance. The People have also admitted that such complaints certainly exist, but deny their materiality based on mere passage of time. The court rejects this argument.

While this court's decision is controlled by the principles set forth in *Mateo,* factually the case is distinguishable and, therefore, not a bar to Defendant's request here. The Guam Supreme Court in *Mateo* found that Defendant failed to establish materiality of the police officers' personnel files to the preparation of his defense and denied it on that basis.[5] In marked contrast, there are claims made by Defendant, the People and, indeed, by Officer Aguon himself in testimony in another criminal matter, that Officer Aguon was the subject of "at least" one excessive force complaint. As such, the court finds that IA reports are subject to disclosure under *Brady* and 8 GCA § 70.10(a)(7). However, the People are ordered to submit these reports to the court **UNDER SEAL** for an *in camera* review during which the court will make a determination of relevance and whether they are subject to public disclosure.

### B. The People Must Establish, To The Court's Satisfaction, That IA Records are Not Within Its Control.

The second basis on which People ask this court to deny Defendant's request for IA records is a summary statement that "after a review of the case files cited, the people do not possess the records therein." *Response* at p. 3. This declaration, without more, is insufficient reason to deny Defendant, through an *in camera* inspection of any such reports by this court, access to material evidence.

There is a presumption that the OAG has possession and control over IA reports which have been received by the Chief of Police, who "shall forward" it to the IA unit of GPD <u>and</u> to the Attorney General. 10 G.C.A. §77133. At the very least, a copy of any complaint, whether disposed of or not, is within the control and possession of the OAG. Section 77133 further

---

[5] The Court in *Mateo* did not address specifically the discoverability of police officers' IA reports because the issue was not addressed at the trial court level. *Mateo* at fn. 2 ("no record evidence exists to determine whether any internal affairs complaint would have been material to Mateo's defense, a requirement under *Brady v. Maryland,* (citation omitted). We therefore decline to use our discretion to review Mateo's *Brady* claim with respect to internal affairs documents." (Citations omitted)).

mandates the Chief of Police to prepare a statement open to the public indicating the preliminary disposition of the allegation of misconduct by a police officer and reduce any final determination to a report, which is then also forwarded to the OAG. 10 G.C.A. §77133(b), (c).

Based upon these provisions, the OAG is presumed to have control and possession of these IA records; therefore, absent any sufficient showing, the OAG is ordered to so produce these records for the court's *in camera* review.

### C. Personnel Records Are Material.

For the same reasons articulated above, and, in particular, that the personnel records of Officer Aguon are material to the preparation of the defense to the extent they contain reports of use of excessive force and, further, that they may reveal information relevant to the defense or negation of charges against Defendant of Resisting Arrest under *Brady*, the court finds that Officer Aguon's Personnel Records ("discipline records, complaints, documents... and the like") are discoverable. However, the court orders that such personnel records shall be submitted **UNDER SEAL** for review by the court *in camera*.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Compel Discovery and **ORDERS** the People to submit such IA and personnel records to the court **UNDER SEAL** for *in camera* review by this court.

**SO ORDERED THIS** _____28 AUG 2020_____.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

*Curtis M. Aulerio*
Deputy Clerk, Superior Court of Guam

Original Signed by:
Honorable Maria T. Cenzon
**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**